UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGO J. LLOYD, individually,

    Plaintiff,

    v.

VALLEY FORGE LIFE INSURANCE COMPANY, a foreign insurance company doing business in Washington,

    Defendant.

Case No. C06-5325 FDB

ORDER ON DISCOVERY MOTIONS

This matter comes before the Court on Plaintiff's motions to appoint special master for discovery and to take additional depositions and for a protective order. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies the motion to appoint a discovery master, denies the request to take additional depositions and grants the motion for protective order.

**INTRODUCTION AND BACKGROUND**

This is an action for declaratory judgment wherein the Plaintiff, Margo Lloyd, seeks a judgment holding she is entitled to the benefits of her late-husband's life insurance policy. The defendant insurer, Valley Forge Life Insurance Company, denied the request for benefits based on

ORDER - 1

the suicide provision of the policy.  The dispute is over whether or not the suicide provision applies to Plaintiff's claim under her late-husband's life insurance policy.

As of the date of these motions, Plaintiff has taken but two depositions in this matter. Plaintiff now moves the Court for an order permitting the Plaintiff to take a minimum of 21 depositions and a request to take further depositions as discovery progresses. Plaintiff has identified over 40 witnesses in initial disclosures.  Plaintiff also seeks appointment of a special master to resolve disputes between the parties.  Plaintiff claims that she has experienced difficulty obtaining discovery regarding the Defendant's identity, investigation policies and/or procedural manuals, and other insurance documents.  Plaintiff also asserts that the Defendant has refused to disclose the name of fact witnesses who assisted in answering interrogatories.

Plaintiff also seeks a protective order precluding Defendant from obtaining the health care information of Plaintiff.

### STANDARDS FOR APPOINTMENT OF SPECIAL MASTER

A court may appoint a special master only to (a) perform duties consented to by the parties, (b) hold trial proceedings and make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by some exceptional condition, or the need to perform an accounting or resolve a difficult computation of damages; or (c) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.  Fed. R. Civ. P. 53(1).  Local Rule 37.1 provides that where anticipated discovery is unusually complex, or where it appears that disputes over matters relating to discovery will be numerous, the Court may point a special master pursuant to Fed. R. Civ. P. 53.

Plaintiff's motion for appointment of a discovery master under Fed. R. Civ. P. 53 apparently arises out of a concern over discovery disputes.  Plaintiff asserts Defendant's  interrogatory answers not comply with the civil rules and that contentious conduct has occurred in depositions.  Plaintiff argues that due to the contentious nature of this litigation, the number of witnesses and documents

ORDER - 2

involved, appointment of a master to oversee and resolve future discovery disputes is appropriate.

Appointment of a discovery master is not appropriate in this situation. The Court can and shall manage the discovery in this case, unless and until it becomes apparent to the Court that appointment of a discovery master is warranted. Plaintiff's Motion for Appointment of Discovery Master Under Rule 53 will be denied.

## NUMBER OF DEPOSITIONS

A party may take up to ten depositions without obtaining leave of the court. Fed. R. Civ. P. 30(a)(2)(A). The party seeking leave to take more than ten depositions will be granted such leave if the request is consistent with Rule 26(b)(2). Under Rule 26(b)(2) the Court will consider whether: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

A party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary. Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996); Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn.1999). To that end, courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A). Moreover, Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule. Archer Daniels, at 586 (a party "should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others) see also Whittingham v.

ORDER - 3

Amherst College, 163 F.R.D. 170, 171 (D. Mass. 1995).

The moving party's failure to comply with these prerequisites renders the Court unable to grant the requested relief on the record.  It is impossible for Plaintiff to demonstrate that particularized showing in this case because, to date, she has only taken two depositions. Plaintiff can at this point only speculate as to what the other eight depositions they are permitted to take by rule will reveal.

Additionally, in requesting the additional depositions, Plaintiff does not directly address the criteria nor does she make any particularized showing of why the depositions are necessary.  Parties are required to exhaust less expensive and burdensome means of discovery before resorting to a request for relief from Rule 30's restrictions.  Plaintiff states that 21 depositions, at a minimum, are necessary, but Plaintiff fails to explain why these depositions are necessary to substantiate her claims. Plaintiff indicates that there are fourteen non-party witnesses from the City of Bellevue Police Department and Fire Department that she wishes to depose.  The number of potential witnesses does not justify deposing every one.  Many of them may duplicate each other's testimony.  Moreover, Plaintiff may be able to obtain all of the information he needs through the discovery allowed by the Federal Rules, thereby rendering additional depositions duplicative and unnecessary.  It is important for all parties to understand that prior to taking any deposition they must always assess whether or not a deposition of that witness is truly necessary, based in part upon the time and expense that even a single deposition incurs for all parties involved.  Parties must also take into account the standard ten deposition limit in making that assessment. And only after that process has borne out will the parties truly appreciate whether extraordinary discovery, as contemplated in Plaintiff's motion, will be absolutely necessary to justify a motion for leave under Rule 30(a)(2)(A).  That process has clearly not been exhausted in this case.  Without more information about the need for additional depositions, and without a showing that alternative means of discovery have been exhausted, the Court is unwilling to expand the number of depositions beyond the allotted ten.

ORDER - 4

**MEDICAL RECORDS PROTECTIVE ORDER**

The instant discovery dispute over Plaintiff's medical records centers on relevance. Fed. R. Civ. P 26(b)(1) provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The statutory physician-patient privilege, RCW 5.60.060(4) states: "[A] physician ... shall not, without the consent of his or her patient, be examined in a civil action as to any information acquired in attending such patient, which was necessary to enable him or her to prescribe or act for the patient ...." Where a patient introduces medical testimony describing the diagnosis and treatment of an illness, the physician-patient privilege is waived. Carson v. Fine, 123 Wn.2d 206, 213, 867 P.2d 610 (1994).

The Washington Health Care Disclosure Act, RCW 70.02 (HCDA) regulates disclosures and access to health care information. Under the HCDA, absent limited exceptions, a health care provider, an individual who assists a health care provider in the delivery of health care, or an agent and employee of a health care provider may not disclose health care information about a patient to any other person without the patient's written authorization. RCW 70.02.020, RCW 70.02.060. "Health care information" is any information, whether oral or recorded in any form or medium, that identifies or can readily be associated with the identity of a patient and directly relates to the patient's health care. RCW 70.02.010(6).

RCW 70.02.060 authorizes providers to deliver medical records to third parties who comply with its provisions. The primary requirement is that the third party must obtain compulsory process and give notice to the patient in time for them to seek a protective order from the court. RCW 70.02.060(1). Otherwise, the provider must not turn over the records. RCW 70.02.060(2).

ORDER - 5

The Health Insurance Portability and Accountability Act of 1996 (HIPAA) restricts health care entities from disclosure of "protected health information." Regulations authorized by the HIPAA, 42 USC § 1320d et seq., prohibit ex parte communications with health care providers regarding patients' medical condition without their consent or a "qualified protective order" (45 CFR § 164.512). HIPAA's privacy provisions allow for disclosure of medical information in judicial proceedings; however, the Act places certain requirements on both the medical professional providing the information and the party seeking it. See 45 C.F.R. § 164.512(e) (2004). Under HIPAA, disclosure is permitted pursuant to a court order, subpoena, or discovery request when the healthcare provider "receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order." 45 C.F.R. § 164.512(1)(e)(ii)(b). The protective order must prohibit using or disclosing the protected health information for any purpose other than the litigation, and require the return to the physician or destruction of the protected health information at the end of the litigation or proceeding. 45 C.F.R. § 164.512(1)(e)(v).

Neither the HCDA or HIPAA prohibit the discovery of health care information. Both authorize disclosure through judicial process. The patient-physician privilege remains intact until such time as Plaintiff's medical condition comes into issue. In this declaratory judgment action, Margo Lloyd's medical records are not in issue and are not relevant to the defense of this matter. That they may contain some statements concerning the health conditions of her husband, is insufficient justification to overcome the privilege. The Defendant has other means of obtaining such information. These include Mr. Lloyd's own medical records and the deposition testimony of his treating physicians.

Plaintiff's motion for a protective order will be granted to the extent Plaintiff's does not put

ORDER - 6

her medical condition into controversy.[1]

**CONCLUSION**

For the above stated reasons, it is

HEREBY ORDERED:

(1) Plaintiff's Motion to Appoint Special Master for Discovery [Dkt. #20] is **DENIED**;

(2) Plaintiff's Motion to Take Additional Depositions [Dkt #20] is **DENIED**;

(3) Plaintiff's Motion for a Protective Order [Dkt. #21, #22] is **GRANTED**.  The Defendant is precluded from obtaining the health care information of Plaintiff Margo J. Lloyd and such information shall not be disclosed by Dr. Ronald J. O'Quin.

DATED this 23rd day of March, 2007.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff has filed a motion to amend her complaint to add additional causes of action.  The present Order protecting Plaintiff's medical records from disclosure may be revisited in the event the motion to amend is granted.

ORDER - 7