UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGO J. LLOYD, individually,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VALLEY FORGE LIFE INSURANCE COMPANY, a foreign insurance company doing business in Washington,<br><br>　　　　　Defendant. | Case No. C06-5325 FDB<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT |

　　This matter comes before the Court on Plaintiff's motion to amend her complaint to add new causes of action. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies the motion to amend.

**INTRODUCTION AND BACKGROUND**

　　This is an action for declaratory judgment wherein the Plaintiff, Margo Lloyd, seeks a judgment holding she is entitled to the benefits of her late-husband's life insurance policy. The defendant insurer, Valley Forge Life Insurance Company, denied the request for benefits based on the suicide provision of the policy. The dispute is over whether or not the suicide provision applies

ORDER - 1

to Plaintiff's claim under her late-husband's life insurance policy.

Upon notification of the insured's death and the claim for life insurance benefits, Valley Forge advised Plaintiff that because Mr. Lloyd died within two years of the policy date, it would conduct a routine inquiry concerning Mr. Lloyd's past health history and cause of death. The investigation revealed (1) a certified and uncontested death certificate stating that Mr. Lloyd had committed suicide, (2) reports from the King County Medical Examiner's Office ruling that Mr. Lloyd had committed suicide, (3) reports from the Bellevue Police concluding that Mr. Lloyd had committed suicide, (4) evidence of two prior suicide attempts by Mr. Lloyd, and (5) evidence of a motive to commit suicide, i.e., significant financial difficulties.

The Plaintiff subsequently met with the investigators working on behalf of Valley Forge and disputed these findings. Plaintiff raised questions regarding the adequacy of the police investigation. Subsequently, the insurance investigators interviewed the lead police detective, who confirmed that Mr. Lloyd had died by suicide.

Valley Forge then sent Plaintiff a letter explaining the results of their investigation and their determination that death was by suicide. Valley Forge stated it was willing to consider any additional information. None was provided, and Valley Forge paid to Plaintiff the benefits due under the suicide provision, i.e., premiums paid on the policy plus interest. Plaintiff then instituted this declaratory judgment action.

Plaintiff now moves the Court for an order permitting the Plaintiff to amend her complaint to add causes of action for breach of contract, bad faith, violation of Washington's Fair Claims Practices regulations, and violation of Washington's Consumer Protection Act. Plaintiff seeks the amendment of the complaint based on the preliminary report of her purported expert witness. This preliminary report concludes that Defendant Valley Forge failed to conduct a reasonable investigation as to the cause of Mr. Lloyd's death.

Defendant opposes the amendment on the basis it would be futile due to the reliance of the

ORDER - 2

insurer's investigation on official findings that Mr. Lloyd committed suicide. Defendant also argues that the claim for violation of Washington Fair Practices regulations is futile, as the regulations do not provide an independent cause of action. Finally, Defendant contends that the proposed amendment would cause unfair prejudice to Valley Forge and undue delay in these proceedings.

## LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) deals with amendments to pleadings. Once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991); United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with 'extreme liberality. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). That is not to say, however, that it should be given automatically. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1837 (9th Cir. 1990). Whether justice requires granting a party leave to amend is generally determined by reference to four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. United States v. Pend Oreille Public Utility Dist. No. 1, 926 F.2d 1502, 1511 (9th Cir. 1991).

Defendant asserts that the proposed amendment is futile. Futile amendments should not be permitted. Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991); DCD Programs, Ltd v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987); Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). Futility alone, or together with delay, is a sufficient basis upon which to deny a motion for leave to amend. Roth at 628 (affirming district court's order denying motion for leave to amend on grounds of futility of amendment); Klamath-Lake at 1293 (affirming district court's order denying motion based on delay and futility).

ORDER - 3

A proposed amendment to a complaint is futile only if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim. Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1393 (9th Cir.1997). A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal. Thus, it is futile to permit amendment to a complaint to add claims subject to dismissal on a motion for summary judgment. Roth at 629. See also Johnson v. American Airlines, Inc., 834 F.2d 721,724 (9th Cir. 1987)(Courts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment.); Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986)(Any amendment would have been futile in that it could be defeated on a motion for summary judgment.).

Thus, the question becomes whether Plaintiff's proposed amendments would be subject to dismissal, and thus futile.

**INSURERS' INVESTIGATION OF SUICIDE AND BAD FAITH**

Plaintiff's proposed new claims of breach of contract, bad faith, and statutory/regulatory violations arise out of Valley Forge's alleged failure to conduct a reasonable investigation into the cause of death of Mr. Lloyd.

An insurer must make a good faith investigation of the facts before denying coverage and may not deny coverage based on a supposed defense which a reasonable investigation would have proved to be without merit. RCW 48.01.030; Indus. Indem. Co. of the N.W., Inc. v. Kallevig, 114 Wn.2d 907, 916-917 (1990). A breach of the insurer's duty may lead to a Consumer Protection Act claim by the insured. James E. Torina Fine Homes, Inc. v. Mut. of Enumclaw Ins. Co., 118 Wn.App. 12, 20 (2003). When a CPA claim is based upon an insurer's denial of coverage, an insured must show more than an incorrect denial of coverage. The insured must also establish that the insurer acted "without reasonable justification" in denying coverage. The test is not whether the insurer's interpretation is

ORDER - 4

correct, but whether the insurer's conduct was reasonable. James E. Torina Fine Homes, at 21; Kallevig, at 917. What is determinative is the reasonableness of the insurer's action in light of all the facts and circumstances of the case. Kallevig, at 920. Whether an insurer acted in bad faith is a question of fact. However, questions of fact may be determined as a matter of law if reasonable minds could reach but one conclusion. Smith v. Safeco Ins. Co., 150 Wn.2d 478, 484-85 (2003). This includes the determination that an investigation was reasonable. See Rizzuti v. Basin Travel Service of Othello, Inc., 125 Wn.App. 602, 618 (2005).

Washington law permits an insurer in any life insurance policy to limit its liability to a determinable amount not less than the full reserve of the policy and of dividend additions thereto in the event of death occurring as a result of the suicide of the insured, whether sane or insane, within two years from the date of the policy. RCW 48.23.260. It is undisputed that the Valley Forge life insurance policy issued to Mr. Lloyd contained such a limitation on coverage. It is also undisputed that Mr. Lloyd's death occurred within two years of issuance of the policy.

Washington common law provides for a presumption against suicide in ordinary life insurance policy cases. The presumption requires the plaintiff to prove a valid life insurance contract and the death of the insured. It is then the burden of the insurer to prove suicide by a preponderance of the evidence. Gould v. Mutual Life Ins. Co. of New York, 95 Wn.2d 722, 725 (1981). The insurer may overcome the presumption against suicide by preponderance of evidence. Trotland v. New England Mut. Life Ins. Co., 1 Wn.App. 303 (1969). Here the insurer's investigation revealed government documentation of death by suicide. These consist of the records of police department, medical examiner, and the death certificate, which all conclude Mr. Lloyd died as a result of suicide. Additionally, the investigation revealed Mr. Lloyd had attempted suicide twice in the past and was presently in serious financial difficulties.

Here, a reasonable investigation supports Valley Forge's application of the suicide provision. A reasonable inquiry showed that the suicide exclusion defense has considerable merit. This Circuit

ORDER - 5

held in Gould v. Mutual Life Ins. Co. of New York, 735 F.2d 1165, 1166-67 (9th Cir. 1984) that in the face of a debatable question of suicide, the insurer did not commit bad faith or violate the CPA in denying coverage. The insurer's investigation provided a reasonable and valid ground on which to oppose payment of the proceeds. The denial of benefits due to a debatable question of coverage did not demonstrate bad faith.

Similarly, although affirming a verdict of coverage, the Tenth Circuit held that an insurer did not act in bad faith during its investigation of insured death in concluding, in conformity with accident and medical examiner reports, that insured had committed suicide. Sims v. Great American Life Ins. Co., 469 F.3d 870, 875-76, 891-92 (10th Cir. 2006).

The Court finds that Valley Forge's investigation was reasonable and the claims based on an unreasonable investigation are futile as they would be subject to dismissal.

**CONCLUSION**

For the above stated reasons, Plaintiff's motion to amend complaint will be denied as futile.

ACCORDINGLY;

IT IS HEREBY ORDERED:

Plaintiff's Motion to Amend Complaint [Dkt #23 ] is **DENIED**.

DATED this 30th day of March, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6