UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGO J. LLOYD, individually,

   Plaintiff,

   v.

VALLEY FORGE LIFE INSURANCE
COMPANY, a foreign insurance company
doing business in Washington,

   Defendant.

Case No. C06-5325 FDB

ORDER ON MOTION FOR
PROTECTIVE ORDER

This matter comes before the Court on Defendant's motion for a protective order prohibiting the deposition of Jim McDonald, Claims oversight Director. Plaintiff requests expedited review of the motion. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies the motion for protective order.

**INTRODUCTION AND BACKGROUND**

This is an action for declaratory judgment wherein the Plaintiff, Margo Lloyd, seeks a judgment holding she is entitled to the benefits of her late-husband's life insurance policy. The defendant insurer, Valley Forge Life Insurance Company, denied the request for benefits based on the suicide provision of the policy. The dispute is over whether or not the suicide provision applies to Plaintiff's claim under her late-husband's life insurance policy. This Court denied Plaintiff's motion to amend her complaint to add causes of action for breach of contract, bad faith, violation of

ORDER - 1

1  Washington's Fair Claims Practices regulations, and violation of Washington's Consumer Protection
2  Act. Valley Forge now seeks a protective order barring the deposition of Jim McDonald, the Claims
3  Oversight Director who handled Plaintiff's claim for benefits. In addition, Plaintiff seeks protection
4  from the Rule 30(b)(6) deposition.

**DEPOSITION TESTIMONY**

Under Federal Rule of Civil Procedure Rule 26(b)(1), information is discoverable if it is "relevant to the claim or defense of any party." Relevant information need not be admissible if it is "reasonably calculated to lead to the discovery of admissible evidence." In addition, "[f]or good cause, the court may order discovery of any mater relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). While Rule 26 does not define the meaning of "relevant," the Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401. This information includes information that a party may use to support its denial or rebuttal of the claims or defenses of another party, and should include the identity of any witness or document that the disclosing party may use to support such denials. See Adv. Comm. Notes to 2000 Amendments to Fed. R. Civ. P. 26(b)(1). In order to reduce the element of surprise and facilitate settlement, courts liberally construe pretrial discovery. <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34 (1984).

The Court may limit discovery if the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive". Fed. R. Civ. P. 26(b)(2). The Court may order that requested discovery not be had, or may be had only in a specified manner, including limiting the type of discovery allowed. Fed. R. Civ. P. 26(c). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975).

Washington law provides for a presumption against suicide in ordinary life insurance policy

ORDER - 2

cases. The presumption requires the plaintiff to prove a valid life insurance contract and the death of the insured. It is then the burden of the insurer to prove suicide by a preponderance of the evidence. <u>Gould v. Mutual Life Ins. Co. of New York</u>, 95 Wn.2d 722, 725 (1981). The insurer has the burden of proving suicide. The facts on which Valley Forge based its decision that Mr. Lloyd's death was the result of suicide are necessarily relevant. Inquires into the investigation of the cause of Mr. Lloyd's death are likely to lead to the discovery of evidence concerning the cause of death. Accordingly the deposition of Jim McDonald, the Claims Oversight Director who handled Plaintiff's claim for benefits, should be allowed. This deposition and the Rule 30(b)(6) deposition should be confined to the discovery of facts relating to the death of Mr. Lloyd. Thus, topics outside the scope of the inquiry as to the cause of Mr. Lloyd's death are beyond the proper scope of this litigation.

**CONCLUSION**

For the above stated reasons, it is

HEREBY ORDERED:

(1) Defendant's motion for protective order [Dkt. #43] is **DENIED**. The inquiry of Plaintiff's depositions shall be confined to the ascertainment of facts that are of consequence to the determination of the cause of death of Mr. Lloyd.

DATED this 16th day of April, 2007

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3