UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGO J. LLOYD, individually,

    Plaintiff,

    v.

VALLEY FORGE LIFE INSURANCE COMPANY, a foreign insurance company doing business in Washington,

    Defendant.

Case No. C06-5325 FDB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on cross-motions for summary judgment. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the Defendant's motion for summary judgment and dismisses the action with prejudice.

**INTRODUCTION AND BACKGROUND**

This is an action for declaratory judgment wherein the Plaintiff, Margo Lloyd, seeks a judgment holding that she is entitled to the benefits of her late-husband's life insurance policy. The Defendant, insurer Valley Forge Life Insurance Company, denied the request for benefits based on

ORDER - 1

the suicide provision of the policy. The dispute is over whether or not the suicide provision applies to Plaintiff's claim under her late-husband's life insurance policy.

Upon notification of the insured's death and the claim for life insurance benefits, Valley Forge advised Plaintiff that because Mr. Lloyd died within two years of the policy date, it would conduct a routine inquiry concerning Mr. Lloyd's past health history and cause of death. The investigation revealed (1) a certified and uncontested death certificate stating that Mr. Lloyd had committed suicide, (2) reports from the King County Medical Examiner's Office ruling that Mr. Lloyd had committed suicide, (3) reports from the Bellevue Police concluding that Mr. Lloyd had committed suicide, (4) evidence of two prior suicide attempts by Mr. Lloyd, and (5) evidence of a motive to commit suicide, *i.e.*, significant financial difficulties.

The Plaintiff subsequently met with the investigators working on behalf of Valley Forge and disputed these findings. Plaintiff raised questions regarding the adequacy of the investigation of Mr. Lloyd's death. Subsequently, the insurance investigators interviewed the lead police detective, who confirmed that Mr. Lloyd had died by suicide.

Valley Forge then sent Plaintiff a letter explaining the results of their investigation and their determination that death was by suicide. Valley Forge stated it was willing to consider any additional information. None was provided, and Valley Forge paid to Plaintiff the benefits due under the suicide provision, *i.e.*, premiums paid on the policy plus interest. Plaintiff then instituted this declaratory judgment action.

**DEATH CERTIFICATE - LEGALLY ACCEPTED CAUSE OF DEATH**

Washington common law provides for a presumption against suicide in ordinary life insurance policy cases. The presumption requires the plaintiff to prove a valid life insurance contract and the death of the insured. It is then the burden of the insurer to prove suicide by a preponderance of the evidence. Gould v. Mutual Life Ins. Co. of New York, 95 Wn.2d 722, 725 (1981); Trotland v. New England Mut. Life Ins. Co., 1 Wn.App. 303 (1969). Here the insurer's

ORDER - 2

investigation revealed government documentation of death by suicide. These consist of the records of police department, medical examiner, and the death certificate, which all conclude Mr. Lloyd died as a result of suicide.

Washington law provides that when a person dies without medical attendance, the coroner, health officer, or prosecuting attorney having jurisdiction, shall certify the cause of death accordingly to his or her best knowledge and belief. RCW 70.58.170 and RCW 70.58.180. Washington's death certification statute, RCW 70.58.180, further provides in pertinent part:

> The **cause of death, the manner and mode in which death occurred**, as noted by the coroner or if none, the prosecuting attorney or the health officer and **incorporated in the death certificate** filed with the bureau of vital statistics of the board of health **shall be the legally accepted manner and mode by which the deceased came to his or her death and shall be the legally accepted cause of death**. (Emphasis supplied)

Statutory interpretation begins with the plain meaning of the statute's language. Where the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end. Molski v. M.J. Cable, Inc., 481 F.3d 724, 732 (9th Cir. 2007). Here, the cause, manner and mode of death is noted on the death certificate as suicide by self-inflicted handgun wound to the chest. The plain language of the statute provides that this determination is the legally accepted manner, mode and cause of death. The medical examiner's opinion, based upon the examination and investigation of the death of Mr. Lloyd, is the legally accepted cause of death unless and until a court orders the medical examiner to change the designation after a hearing at which the party seeking the change carries the burden of proof that the medical examiner's determination was arbitrary or capricious and not supported by substantial evidence. See, State v. Reay, 61 Wn.App. 141 (1991); Vanderpool v. Rabideau, 16 Wn.App. 496 (1977).

An "Affidavit of Correction" was provided to Plaintiff, Margo Lloyd to challenge or seek correction to the death certificate. Plaintiff never challenged the findings contained in the death

ORDER - 3

certificate.

Washington also allows a challenge to the certification of the cause and manner of death through a mandamus action. See, State v. Reay, 61 Wn.App. 141 (1991); Murray v. Shanks, 27 Wn.App. 363 (1980); Vanderpool v. Rabideau, 16 Wn.App. 496 (1976). Plaintiff did not petition for mandamus to change the manner and mode of death on the death certificate form suicide to undetermined , or any other classification.

The Court finds that in this collateral proceeding to obtain life insurance benefits, Plaintiff is precluded by RCW 70.58.180 from contesting that the manner, mode and cause of death was other than suicide as designated in the death certificate.

**CONCLUSION**

For the above stated reasons, Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. All other pending motions are found to be moot in light o f this order and stricken form the Court's calendar.

ACCORDINGLY;

IT IS HEREBY ORDERED:

1. Defendant's Cross Motion for Summary Judgment [Dkt. #71] is **GRANTED** and Plaintiff's cause of action dismissed, with prejudice.

2. Plaintiff's Motion for Summary Judgment [Dkt. #54] is **DENIED**.

3. All additional pending motions are deemed **MOOT** in light of this Order and stricken from the Court's calendar.

DATED this 23rd day of July, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4