UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGO J. LLOYD, individually,

    Plaintiff,

    v.

VALLEY FORGE LIFE INSURANCE COMPANY, a foreign insurance company doing business in Washington,

    Defendant.

Case No. C06-5325 FDB

ORDER DENYING MOTION FOR RECONSIDERATION

    Plaintiff has moved for reconsideration of this Court's July 23 Order granting Defendant's cross motion for summary judgment. The Plaintiff asserts, in part, that Washington's death certificate statute, RCW 70.58.180, which provides that "[T]he cause of death, the manner and mode in which death occurred, as noted by the coroner... and incorporated in the death certificate ... shall be the legally accepted manner and mode by which the deceased came to his or her death and shall be the legally accepted cause of death", is not proper evidence of the cause of death and not controlling in this action for death benefits of an insurance policy. The Court requested a response from Defendant. Plaintiff then submitted a reply and requested the Court permit Plaintiff the opportunity

ORDER - 1

1  to conduct a review of the legislative history of RCW 70.58.180.  Plaintiff then filed a supplemental

2  reply which indicates that there is no reported legislative history that aids in the interpretation of the

3  statute.  After reviewing the motion for reconsideration, the response, reply, supplemental reply, and

4  the remaining record, Court is fully informed and hereby denies the motion for reconsideration.

## STANDARDS GOVERNING RECONSIDERATION

6  Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored,

7  and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b)

8  facts or legal authority which could not have been brought to the attention of the court earlier,

9  through reasonable diligence.   Plaintiff  has not made the requisite showing as to either of the

10  grounds for reconsideration under CR 7(h)(1).

11  Plaintiff quotes extensively from the decision in Sullivan v. Seattle Electric Co., 51 Wash 71

12  (1908) for the proposition that the death certificate is not proper evidence of the cause of death in

13  actions against insurance companies.  The Sullivan decision has little or no relevance to the present

14  action. The statute in effect at the time of the Sullivan opinion simply provided that in the event a

15  death was caused by unnatural causes, the coroner or prosecuting attorney shall complete and sign

16  the death certificate.  Sullivan, at 72 (citing Laws 1891, p. 190, ch. 98).  The language at issue is not

17  found in the 1891 statute.  It was not until 1953, that the Washington Legislature amended the death

18  certificate statute to include the additional provision that provides:

19  > The cause of death, the manner and mode in which death occurred, as noted
20  > by the coroner or if none, the prosecuting attorney or the health officer and
> incorporated in the death certificate filed with the bureau of vital statistics of the
> board of health shall be the legally accepted manner and mode by which the deceased
21  > came to his or her death and shall be the legally accepted cause of death.

22  Washington Session Laws, 1953 Ch.188 Sec. 5.

23  The amended statute is clear in its language.  In contrast to the Sullivan opinion, and the prior

24  statute, the 1953 amendment provides that the manner and mode of death as incorporated in the

25  death certificate "**shall be the legally accepted manner and mode by which the deceased came to**

26  ORDER - 2

1   **his or her death and shall be the legally accepted cause of death**." The only reasonable
2   interpretation is that the legislation means what it states. Plaintiff has not convinced the Court
3   otherwise. Plaintiff has not shown manifest error in the prior ruling.[1]

4   Plaintiff's motion for reconsideration asserts for the first time that she contested the findings
5   in death certificate by letter to the King County Medical Examiner. Plaintiff has not demonstrated
6   why these facts could not have been brought to the attention of the court earlier and thus, the Court
7   may disregard them on motion for reconsideration. Nonetheless, the mere fact that Plaintiff
8   contested the findings of the death certificate by submission of a "letter" to the medical examiner
9   does not alter the conclusiveness of the death certificate.

10   ACCORDINGLY,
11   IT IS ORDERED:
12   Plaintiff's Motion for Reconsideration [Dkt #107] is **DENIED**.

14   DATED this 20th day of August, 2007.

                                    FRANKLIN D. BURGESS
                                    UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's re-argument addressing the admissibility of the death certificate adds nothing to the Court's analysis.

ORDER - 3